IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONNIE S. OZANNE,<br>　　Plaintiff,<br><br>　　vs.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, a corporation<br>and PERRY S. MORGAN, an individual,<br>　　Defendants. | )<br>)<br>) 2:11-cv-00327-TFM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently pending before the court for disposition is the MOTION TO DISMISS (Doc. No. 3) filed by Defendants State Farm Mutual Automobile Insurance Company ("State Farm") and Perry S. Morgan ("Morgan") (collectively "Defendants"); and the MOTION TO REMAND (Doc. No. 6) filed by Plaintiff Connie S. Ozanne ("Ozanne" or "Plaintiff") with brief in support (Doc. No. 7). Plaintiff filed a response in opposition to the Motion to Dismiss (Doc. No. 9) and Defendants filed a reply brief (Doc. No. 10); Defendants filed a brief in opposition to the Motion to Remand (Doc. No. 11) and Plaintiff filed a reply brief (Doc. No. 12). Accordingly, the motions are now ripe for disposition.

### BACKGROUND

The following facts are taken from the complaint. *See* Complaint, attached as exhibit A to Notice of Removal, at Doc. No. 1. At all relevant times, Defendant State Farm provided Plaintiff, a citizen of Pennsylvania, with automobile insurance that included underinsured motorist coverage ("UIM") up to $250,000. On June 1, 2007, a vehicle being operated by an individual named Barbara Ann Barney collided with Plaintiff's vehicle, which was being driven by Plaintiff at the time, resulting in a collision and serious and permanent injuries and damages

to Plaintiff. At the time of the collision, tortfeasor Barney was insured by Erie Insurance Company with bodily injury liability protection limits in the amount of $15,000.00. Plaintiff settled her third-party liability claims for $15,000, the limit of the Barney's coverage, an amount not adequate to compensate Plaintiff for the injuries sustained in the collision. Plaintiff submitted a claim to Defendant State Farm for underinsured motorist ("UIM") benefits. Defendant Perry Morgan, a claim representative or adjuster, handled the UIM claim of Plaintiff and extended all offers to Plaintiff.

On August 25, 2009, Defendant Morgan, on behalf of State Farm, extended an offer of $80,000.00 to settle Plaintiff's UIM claim, which she rejected. State Farm increased its offer to $100,000.00 on October 1, 2009, as part of which Defendant Morgan advised Plaintiff that should she reject that figure, State Farm would consider the negotiations at an impasse, and the offer would return to $80,000.00, the value of initial offer. Plaintiff rejected the offer of $100,000.00. State Farm subsequently paid $80,000 in UIM benefits to Plaintiff on October 13, 2009.

Pursuant to the provisions of her policy, Plaintiff filed a complaint against State Farm in the Court of Common Pleas of Beaver County, Pennsylvania on October 9, 2009, wherein she sought UIM benefits. Litigation proceeded, which included a defense medical examination of Plaintiff for the purpose of gathering evidence for use at trial. On July 1, 2010, a pre-trial conference was held before the Honorable Deborah A. Kunselman. During the course of that conference, Defendant Morgan informed the court and counsel of record that State Farm desired to try a UIM claim to a jury verdict, and according to Plaintiff, Defendant Morgan allegedly referred to Plaintiff's claim as a "test case." A jury trial commenced on November 15, 2010, and the jury entered a verdict of $1,000,000.00 in Plaintiff's favor on November 18, 2010. That

2

verdict was later molded to $250,000.00, the amount of the UIM coverage limits provided by Plaintiff's policy with State Farm.

Thereafter, on March 14, 2011, Plaintiff filed a two-count Complaint in the Court of Common Pleas of Beaver County, asserting one count against Defendant State Farm for violation of the Pennsylvania Bad Faith statute, 42 Pa.C.S. §§ 8371 *et seq*, and one count against Defendant Morgan, a Pennsylvania citizen, for violating the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law ("UTPCPL" or "Pennsylvania Consumer Protection Law"), 73 Pa.C.S. §§ 201 *et seq*. In particular, Plaintiff alleged that Defendant Morgan a) failed to properly and fairly evaluate her claim for UIM benefits and made wholly inadequate offers of settlement; b) forced Plaintiff to undergo litigation of her UIM claim when the insurer's liability to pay UIM benefits under the policy had become reasonably clear; and c) improperly used her UIM claim as a "test case" to have the UIM claim tried before a jury, placing the interests of Defendant State Farm ahead of those of hers and depriving her of benefits to which she was entitled. *Id*. at ¶ 43.

On March 14, 2011, Defendants timely removed this action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441, 1446. Doc. No. 1. Defendants contend that, like Plaintiff, Defendant Morgan is a citizen of Pennsylvania, yet that Defendant Morgan was fraudulently joined to destroy diversity.[1] *Id*. On March 15, 2011, Defendants filed a motion to dismiss Count II of the complaint, the UTPCL claim against Defendant Morgan. Doc. No. 3. Defendants contend that (1) no UTPCPL claim can lie against Defendant Morgan because he was not a party to the insurance contract between State Farm and Plaintiff; (2) Plaintiff's UTPCPL action is based upon Morgan's handling of Plaintiff's UIM

---

[1] The Court notes that both parties agree that Defendant State Farm is a corporation organized under the laws of Illinois with its principal place of business in Bloomington, Illinois.

3

claim, and Pennsylvania law does not permit a plaintiff to maintain a UTPCPL claim based upon claim handling because it does not involve a consumer transaction; (3) Plaintiff's UTPCPL claim is based only upon nonfeasance, which is not actionable under Pennsylvania law; and (4) Plaintiff fails to adequately plead a UTPCPL claim because she did not establish any misrepresentation or any justifiable reliance, as required under Pennsylvania law. *Id.*

In response, Plaintiff disputes the fraudulent joinder claim of Defendants, and asserts that the UTPCPL is properly pled. Doc. No. 9. In sum, Plaintiff alleges that Defendant Morgan's use of her UIM claim as a "test case" before a jury constitutes actionable misfeasance in that Defendant Morgan failed to properly evaluate her claim and forced her to litigate, in violation of the UTPCPL. *Id.* Moreover, Plaintiff contends that (1) her UTPCPL claim against Defendant Morgan "is viable even though he was not a party to the insurance contract because the Plaintiff was specifically intended [sic] to rely upon his unfair business practices;" and (2) she has sufficiently pled reliance insofar as she was forced to litigate the underlying UIM claim as a result of Defendant Morgan's alleged misconduct. (Doc. No. 9 at 3). Thus, as Plaintiff reasons, this Court lacks subject matter jurisdiction because complete diversity of citizenship does not exist.

**LEGAL ANALYSIS**

As noted, Plaintiff has filed a motion to remand this matter to the Court of Common Pleas of Beaver County on the grounds that Defendant Morgan, like Plaintiff, is a citizen of Pennsylvania. Defendants oppose remand and have independently filed a motion to dismiss the UTPCPL claim against Defendant Morgan on the grounds that he has been fraudulently joined and that the state law claim, as pleaded, is not actionable under Pennsylvania law. Because the Court does not have jurisdiction over Defendants' motion to dismiss if the matter is remanded,

4

the Court must first address Plaintiff's motion to remand.

Pursuant to 28 U.S.C. § 1332(a), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between . . . citizens of different States." *Id.* Moreover, actions that originated in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In the absence of a federal question, removal is limited to those cases in which "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

When a non-diverse party has been joined as a defendant, the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. Joinder is fraudulent "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 109, 111 (3d Cir. 1990) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). Further, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (citations omitted). The removing party carries "a heavy burden of persuasion" in making this showing, *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n. 6 (3d Cir. 1987) (citations omitted), and "removal statutes are to be construed against removal and all doubts should be resolved in favor of remand," *Boyer*, 913 F.2d at 111 (citations omitted).

In that vein, the Court considers the count alleged against Defendant Morgan. The

5

UTPCPL prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. § 201-3. Further, the law provides a private right of action to "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful" by the statute. *Id*. at § 201-9.2(a). The statute's underlying purpose is fraud prevention and Pennsylvania courts have construed the UTPCPL liberally to effectuate this purpose. *See Commonwealth by Creamer v. Monumental Props., Inc.*, 459 Pa. 450, 329 A.2d 812, 816 (Pa.1974); *Keller v. Volkswagen of Am., Inc.*, 733 A.2d 642, 646 (Pa.Super.Ct.1999). In fact, the statute lists more than twenty-one deceptive acts and practices. 73 P.S. § 201-4. Plaintiff contends that Defendant Morgan improperly used her UIM claim as a "test case" in order to have it tried before a jury, and thereby violated three specific subparagraphs of the UTPCPL, in particular:

> (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have or that a person has a sponsorship, approval, status affiliation or connection that he does not have;
>
> (xiv) Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to, or after a contract for the purchase of goods or services is made; and
>
> (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding.

73 P.S. § 201-2(4). As such, Plaintiff claims that she should be permitted to proceed with the count against Defendant Morgan, and that, as such, diversity does not exist. As noted above, it is the position of the Defendants that Defendant Morgan was fraudulently joined in the complaint for the purpose of defeating diversity. *See* Doc. No. 11.

6

As Defendants noted in the notice of removal, Doc. No. 1 at ¶ 17, in the insurance context, "only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL], and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 307 (3d Cir.1995) (internal citations omitted). "Misfeasance requires affirmative conduct, such as an act of misrepresentation or deception, or a reckless mistake made." *Baer v. Hartford Mut. Ins. Co.*, No. 05-1346, 2005 WL 3054354, at *7 (E.D.Pa. Nov.14, 2005). The failure of an insurer to pay the proceeds of an insurance policy is nonfeasance and thus is not actionable. *Millwood v. State Farm Mut. Auto. Ins. Co.*, 08-1698, 2009 WL 291168, at *3 (E.D.Pa. Feb.5, 2009).

Nevertheless, the Court notes that the UTPCPL count against Defendant Morgan alleges more than an allegation of a failure to pay on the part of State Farm. Count II avers that Defendant Morgan chose the treat Plaintiff's UIM claim as a "test case", consideration of which overcame the proper evaluation of the claim. Such improper conduct, according to Plaintiff, amounts to affirmative improper conduct, sufficient for the claim. *See* Doc. No. 6. The Court's review of decisions within this Circuit reveals other instances in which UTPCPL claims were allowed to proceed. In *Smith v. Nationwide Mut. Fire Ins. Co.*, 935 F.Supp. 616, 620-621 (W.D.Pa.1996), for example, the plaintiff alleged, among other things, that the defendant had failed to perform "a reasonable and prompt investigation" and had falsely implied that the plaintiffs committed arson. The court compared Smith's complaint to that in *Parasco v. Pacific Indem. Co.*, 870 F.Supp. 644, 648 (E.D.Pa.1994), in which the plaintiff was allowed to proceed based on allegations that the post-loss investigation had been performed "in an unfair and nonobjective manner." Construing the complaint generously in favor of Smith, the district court

concluded that because there were allegations which, if proven, would amount to misfeasance rather than nonfeasance, the plaintiff's claim under the UTPCPL would not be dismissed. *Id.* at 621. *See also Amitia v. Nationwide Mut. Ins. Co.*, CA No. 08-335, 2009 U.S. Dist. LEXIS 2840, *6-*7, 2009 WL 111578 (M.D.Pa. Jan. 15, 2009) (plaintiffs who alleged defendant failed to evaluate their claim "promptly, objectively, and fairly" and conducted an "unfair, unreasonable, and dilatory investigation" had stated a claim under the UTPCPL); *Alberty v. Nationwide Mut. Ins. Co.*, CA No. 05-1319, 2006 U.S. Dist. LEXIS 68783, *10-*11, 2006 WL 2601324 (W.D.Pa. July 7, 2006) (magistrate judge recommended that where plaintiff alleged "affirmative, intentional efforts to delay, dissuade, obstruct or otherwise 'improperly handle' " the claim, motion to dismiss should be denied); and *Novick v. UnumProvident Corp.*, CA No. 01-258, 2001 U.S. Dist. LEXIS 9735, *7, 2001 WL 793277 (E.D.Pa. July 10, 2001) (allegations that the defendants were "predisposed toward terminating plaintiff's benefits and were 'extreme and outrageous' in investigating his claim" stated a cause of action under the CPL.)

Accordingly, the Court cannot conclude that the UTPCPL claim against Defendant Morgan is "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). It is possible that the Court of Common Pleas of Beaver County will find Count II to state a viable cause of action, and thus remand is required. Contrary to Defendants' argument, Pennsylvania courts have recognized that a colorable UTPCPL claim may exist against an insurance adjuster. *See e.g. Grossi v. Travelers Ins. Co.*, C.A. No. 9-1427, 2010 WL 483797 (W.D. Pa. Feb. 5, 2011). Even if the Court were to accept Defendants' contention that many of those cases "creat[e] a precarious legal position, comparable to circular reasoning," and that other Pennsylvania state courts have held that a UTPCPL claim is not actionable absent privity, the Court must "resolve any uncertainties as to the current state of controlling substantive

law in favor of the plaintiff." *Batoff*, 977 F.2d at 851. To determine the merits of Defendants' underlying claim would exceed the scope of the Court's current task, *i.e.*, to evaluate subject matter jurisdiction, and such an analysis is improper at this stage of the proceeding. Accordingly, Plaintiff's Motion will be granted, and this matter remanded to the Court of Common Pleas of Beaver County.

## CONCLUSION

For the reasons hereinabove stated, the Court finds that Defendants have not demonstrated by any record evidence that Plaintiff fraudulently joined Defendant Morgan in an effort to destroy diversity of citizenship among the parties. Therefore, the Plaintiff's Motion for Remand will be granted, and Defendants' Motion to Dismiss will be denied. An appropriate Order follows.


McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONNIE S. OZANNE,<br>    Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, a corporation<br>and PERRY S. MORGAN, an individual,<br><br>    Defendants. | )<br>)<br>) 2:11-cv-00327-TFM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER OF COURT

AND NOW, this 5th day of May, 2011, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

(1) the MOTION TO REMAND (Doc. No. 6) filed by Plaintiff Connie S. Ozanne is **GRANTED**; and

(2). the MOTION TO DISMISS (Doc. No. 3) filed by Defendant State Farm Mutual Automobile Insurance Company and Perry S. Morgan is **DENIED AS MOOT.**

It is further **ORDERED** that this action is remanded to the Court of Common Pleas of Beaver County, Pennsylvania forthwith. The clerk shall docket this case closed.

                                BY THE COURT:

                                /s/ Terrence F. McVerry
                                United States District Court Judge


cc: All Counsel of Record